**Harmandip SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 05–75782.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Arnold S. Rosenthal, U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

MEMORANDUM **

Harmandip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's and BIA's denial of asylum based on an adverse credibility determination. The BIA and IJ identified "specific, cogent reasons" that "go to the heart of petitioner's claim." *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Singh submitted a fraudulent driver's license with his asylum application, and failed to otherwise credibly establish his identity. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) (an applicant's eligibility for asylum depends on the credible establishment of his identity).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1156.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh's claim that the IJ failed to independently consider his CAT claim is without merit because the IJ did in fact give the claim individual consideration. Because Singh's claim under the CAT is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

Singh failed to show that any translation errors at the merits hearing prejudiced his case, such that the outcome of the proceedings may have been affected. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**